ADOLPHE BLACHE *v.* J. ALEIX.

An admission of part of the claim sued on made by the defendant, and a deposit by him of such amount into court before the trial of the cause, although the balance of the claim is not appealable in amount, will not prevent the defendant from appealing, unless the plaintiff, upon the confession and deposit being made, takes a partial judgment for the amount confessed, with a reservation of his right to prosecute to final judgment the balance of the claim.

A party purchasing an unexpired lease, in the absence of proof to the contrary, is presumed to have purchased it, on condition of taking the premises in the situation they were at the time of the sale ; and he has no claim upon his vendor for expenses incurred in restoring the premises to their original condition at the expiration of the lease.

APPEAL from the Third District Court of New Orleans, *Duvigneaud,* J. *Martin Blache,* for plaintiff. *Cyprien Dufour,* for defendant and appellant.

On motion to dismiss :

BUCHANAN, J. Plaintiff sued defendant for a debt of $350 under a contract of transfer of a lease. Defendant acknowledged the contract, but pleaded in compensation that he had expended moneys in repairs of the leased premises. He acknowledged himself indebted to plaintiff in a balance of $185 30, which he deposited in court, with costs to the day of deposit.

There was judgment in favor of plaintiff against defendant, for $350, and defendant appeals.

Plaintiff now moves to dismiss the appeal, on the ground that the matter in dispute does not exceed three hundred dollars.

The facts above stated make this case identical with that of *Whitney* v. *Gauche,* decided by us in November, 1855, and not reported. The decision will be found in Opinion Book 25, p. 409. The only difference in the two cases is, that here the appeal is taken by the defendant, who deposited the money in court; while in *Whitney* v. *Gauche,* the appeal was taken by the plaintiff.

Had plaintiff, upon the deposit being made, caused a partial judgment to be entered up for the amount confessed to be due, with a reservation of the balance of his claim, the case would have fallen within the doctrine of *Second Municipality* v. *Corning,* 4 An. 407, invoked by the counsel of appellee ; and upon that precedent, the motion to dismiss would have prevailed. But as the case stands, the whole issue is before us. The claim of plaintiff was not curtailed of its original proportions, in its progress through the District Court, before the rendition of the judgment which is the subject of the present appeal.

Motion to dismiss appeal discharged.

On the merits :

BUCHANAN, J. The plaintiff sues defendant for the price of the sale of a lease, and of certain articles upon the premises leased. The answer admits the amount of the contract as claimed; but pleads that plaintiff is liable to defendant for an amount paid by him, defendant, for replacing the premises, at the end of the lease, in the same situation in which they had been at its commencement, by replacing front doors which had been taken out by plaintiff for the purpose of inserting show cases of French plate glass, which constituted a portion of the articles sold by plaintiff to defendant.

We agree with the Judge of the District Court, that defendant has no claim upon plaintiff, for the restitution of the premises to their original condition, at

the termination of the lease of which the unexpired term had been sold. The sale was made of the premises in the situation in which they existed at the time of the sale, and the purchaser of the lease took upon himself the obligations of the lessee at the same time that he acquired his rights. One of those obligations was, to restore the premises, at the expiration of the lease, in the same situation in which they were at its commencement, necessary wear and tear excepted. Civil Code, Art. 2697. There is no allegation that any deception was practiced by plaintiff upon defendant; and the evidence convinces us that defendant was fully apprised of the facts in relation to the original condition of the premises, when he purchased the lease and fixtures of the store.

Judgment affirmed, with costs.